The EQUITY GROUP, LTD., Appellant,

v.

PAINEWEBBER INCORPORATED,
Appellee.

No. 94–7017.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 10, 1995.

Decided March 17, 1995.

Rehearing and Suggestion for Rehearing
In Banc Denied May 17, 1995.

Barry C. Maloney, Washington, DC, argued the cause and filed the briefs for appellant.

Mahlon M. Frankhauser, Washington, DC, argued the cause and filed the brief for appellee.

Before: BUCKLEY, WILLIAMS and SENTELLE, Circuit Judges.

**PER CURIAM:**

In this diversity case the plaintiff asserted a variety of contract and tort claims, and the district court granted the defendant's motion for summary judgment. *Equity Group, Ltd. v. Painewebber, Inc.,* 839 F.Supp. 930 (D.D.C.1993). We affirm the judgment for substantially the reasons stated in the district court's opinion, except as to the conversion claim. Equity argues that PaineWebber converted intangible property in the form of its "unique business and marketing systems, its data base, its 800 number, and its very ability to do business". Appellant's Brief at 28. Noting that it is an issue of first impression for the District of Columbia whether the tort of conversion should encompass intangible rights other than ones " 'customarily merged in, or identified with some document' ", 839 F.Supp. at 933 (quoting W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 15, at 92 (5th ed. 1984)), the court rejected the claim on the theory that the District of Columbia would not so extend the tort. The district court may have been correct, but we note that some courts have extended conversion in this way. See, e.g., *National Surety Corp. v. Applied Systems, Inc.,* 418 So.2d 847, 849 (Ala.1982) (holding that conversion would lie for copying and taking of computer programs, even if defendant never took the tapes embodying the programs). In any event, the court here did not need to reach that issue to dismiss Equity's conversion claim. It is undisputed that Equity *gave* the only intangibles that had any value (*i.e.,* the database and the 800 number) to employees of PaineWebber who had formerly used them in connection with their work at Equity. See Plaintiff's Response to Defendant's Interrogatories Nos. 36, 38, J.A. 52–53. Even assuming, as Equity argues, that PaineWebber's alleged breach of contract could invalidate Equity's consent to the transfer by unlawfully rendering the items worthless to Equity, Appellant's Brief at 29, the rejection of the breach of contract claim completely undermines that argument. Thus, even if any of the intangibles involved here could be converted, Equity's valid consent to the transfer means there was no conversion.

*So ordered.*